**MIDGETT et al. v. WESTERN UNION TEL-
EGRAPH CO.**    (No. 8754.)\*

(Court of Civil Appeals of Texas. Galveston.
Jan. 27, 1926. Rehearing Denied
Feb. 11, 1926.)

**Appeal and error** ⚖️➾1201(6)—**On new trial of
action for nondelivery of telegram, it was er-
ror to strike out plaintiff's amended petition
showing telegram was prepaid, instead of
collect.**

On new trial, after remand of action for
nondelivery of telegram, it was error to strike
out plaintiff's amended petition showing that
telegram was prepaid instead of collect, as al-
leged in original petition, as the amended pe-
tition set up substantially the same cause of
action.

Appeal from District Court, Harris Coun-
ty; W. E. Monteith, Judge.

Suit by Mrs. Susie Midgett and husband
against the Western Union Telegraph Com-
pany. From a judgment for defendant on a
directed verdict, plaintiffs appeal. Reversed
and remanded.

See, also, 251 S. W. 253.

Charles Murphy and W. C. Perry, both of
Houston, for appellants.

F. Chas. Hume, Jr., Baker, Potts, Parker
& Garwood, Palmer Hutcheson, and Homer
L. Bruce, all of Houston, for appellee.

. LANE, J. This suit was brought by Mrs.
Susie Midgett and her husband, D. D. Mid-
gett, against the Western Union Telegraph
Company, to recover the sum of $2,000 actu-
al damage alleged to have been suffered by
them because of the failure of the telegraph
company to deliver to Mrs. Midgett a tele-
gram, advising her of the death of her father,
and for $950 exemplary damages.

Charles S. Scallorn, the father of Mrs. Mid-
gett, died at his home, about 5 miles from the
city of Cuero, in De Witt county, Tex., about
the hour of 1 o'clock p. m. on the 19th day of
May, 1921. About 3 p. m. of the same day,
the relatives of Mrs. Midgett delivered to the
agent of the telegraph company, for trans-
mission to Mrs. Midgett at her home address,
to wit, "Route A, Box 154B, Houston, Tex.,"
which was about 2 or 3 miles from the Hous-
ton office of the telegraph company, the fol-
lowing telegram:

"Cuero, Texas, May 12, 1921.
"Mrs. Susie Midgett, Route A, Box 154B,
Houston, Texas. Your father is dead come at
once.      ⸙    J. A. Newman."

This telegram was transmitted to Houston,
and there received by the agent of the tele-
graph company at about 9 p. m. on the day
it was delivered for transmission, but was
not delivered to Mrs. Midgett, and she did not
hear of the death of her father until after the
interment of his body, which took place about

4 p. m. on the day after the message was
delivered to the Cuero agent, and, as a con-
sequence, she did not go to attend the funeral,
which the plaintiffs allege she could and
would have done, had the message been de-
livered at any time before 8 a. m. on the 20th
day of May, the day after said telegram had
been transmitted.

The plaintiffs alleged in their original peti-
tion the delivery and transmission of the
message, the nondelivery of the same, etc.,
and alleged that the telegraph company ac-
cepted the message for transmission and de-
livery to Mrs. Midgett at her place of resi-
dence, C. O. D.; that is, that defendant agreed
to transmit the message and deliver the same
to Mrs. Midgett and collect its charges from
her for such transmission and delivery, when
such delivery was made to her at the ad-·
dress given in the message, the payment of
said charge being guaranteed by the sender.
Other allegations sufficient to support a re-
covery, if proven, were made.

Upon trial, the only witness who testified
as to that part of the contract relative to the
manner of payment of the charges for the
transmission and delivery of the message was
J. A. Newman, who delivered the message to
the Cuero agent. He testified that, on the day
Charles Scallorn died, he was requested by
Scallorn's daughter to send a telegram to
Mrs. Midgett, advising her that her father
was dead; that he delivered the message,
hereinbefore shown, to the agent of the tele-
graph company at Cuero, Tex.; that said
message was delivered to said agent about
7 or 8 p. m. May 18, 1921; and that he paid
the charge for the transmission of the tele-
gram.

Judgment was rendered for the plaintiffs,
and, from that judgment, the telegraph com-
pany appealed.

The record on appeal was transferred from
the Court of Civil Appeals at Galveston to the
Beaumont court, and that court reversed the
judgment and rendered judgment for appel-
lant, the telegraph company, but, on motion
for rehearing, it set aside the judgment first
rendered by it, and reversed the judgment
of the trial court, and remanded the cause.
In reversing and remanding the cause on mo-
tion for rehearing, the Beaumont court said:

"We have again given this matter careful
consideration, but cannot escape the conclu-
sion that our construction of the pleading was
correct. We therefore must adhere to our or-
der that the judgment be reversed. We have
also concluded, however, that we should not
render judgment for appellant, but that the
cause should be remanded for another trial.
As suggested by the motion, it is reasonably
clear that the trial court proceeded upon a mis-
conception of the appellees' petition, and treat-
ed it as one not based upon a special contract
for delivery of the message beyond appellant's
free delivery limits. The case having been
tried upon an incorrect interpretation of the

---

⚖️➾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
\*Writ of error dismissed for want of jurisdiction April 7, 1926.

pleadings, the cause ought to be remanded, unless we are able to say that the record shows with reasonable certainty that appellees will not be able to establish by proof the cause of action made by their pleading, and we cannot so say. For these reasons, our former order that the judgment be rendered in favor of appellant is here now set aside, and it is now ordered that the judgment be reversed and the cause remanded."

On the 13th day of November, 1923, after the remand of the cause, the plaintiffs, by permission of the court, filed their first amended petition, and therein and thereby repeated its allegations as in their original petition, except in such amended petition they alleged that, upon delivery of the message at Cuero, the charges of the telegraph company for the transmission and delivery thereof to Mrs. Midgett at her place of residence, shown in the message, were paid to said agent of the company at Cuero, and that, in consideration of such payment, said agent agreed to so deliver the message to Mrs. Midgett.

Thereafter, on the 15th day of February, 1924, defendant filed its motion to strike out plaintiffs' amended petition upon the grounds that the Court of Civil Appeals had remanded the cause only that the plaintiffs might, if they could, prove their cause of action, as made by their original petition, that the proof should be limited to the cause of action as made by plaintiffs' original petition, and that plaintiffs should not be permitted to modify their pleading; that as a matter of fact plaintiffs were not only seeking by their amended pleading to modify their cause of action, but were thereby seeking to set up a different cause of action from that set up by their original petition, neither of which they could do, by reason of the terms of the remand of the appellate court. The court sustained said motion, and the plaintiffs excepted.

The cause was continued until October, 1924, at which time plaintiffs again insisted on the right to have their amended petition filed, and again the court upon the motion of defendant refused to permit it to be filed, and plaintiffs again excepted.

The plaintiffs, being forced to trial upon their original petition, made proof of the delivery of the message to the Cuero agent of the defendant, the transmission thereof to Houston, the agreement of said agent to deliver said message to Mrs. Midgett, at her address, as given in the same, and that the charges for such transmission and agreed delivery had been paid to said agent by Newman, who delivered the message to him.

After the evidence was closed, the court instructed the jury selected to try the cause to return a verdict for defendant. The jury returned their verdict as directed, and judgment was rendered accordingly. Appellants complain of the action of the court in striking out their amended petition and in instructing a verdict for the appellee.

Appellee, replying to appellants' complaint, insists that there was no error in the action of the court in striking out appellants amended petition, in that, by the terms of the judgment of the Court of Civil Appeals, in reversing and remanding the cause, appellants were confined, upon another trial, to proof of the allegations made in their original petition, and should not be permitted to amend their petition, and allege that the charges for the transmission and delivery of the telegram was paid by Newman, who delivered it to the Cuero agent, in lieu of the allegation in the original petition that such charges were guaranteed and were to be paid, when and where the message was by agreement to be delivered to Mrs. Midgett.

Appellee also insists that the court did not err in his said action, in that by their amended petition appellants sought to declare upon another and different cause of action from that set up in their original petition, and that this they could not do under the terms of the judgment by which the cause was remanded.

We think the trial court properly permitted appellants to file their amended petition, and that it erred in striking the same out on motion of appellee.

The cause of action declared upon in the amended petition was substantially the same as that declared upon in the original petition. The only difference in the two was as to how and when the charges for the services of the telegraph company were, by the contract for such services, paid or to be paid. The real substance of the allegation of both of the petitions, which constituted the liability of appellee, if any, was the failure to deliver the message at all.

Having reached the conclusion above expressed, it becomes our duty to reverse the judgment and remand the cause, and it is so ordered.

Reversed and remanded.